Anderson Electronics, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 9, 1979, before Judges CRUMLISH, JR., DiSALLE and CRAIG, sitting as a panel of three.

*Donald E. Speice, Daniel J. Ratchford,* and *Benton, Ratchford & Consiglio,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Susan Shinkman,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, June 11, 1979:

The instant petition for review raises but one issue: whether Jeanne S. Hoaglund, an unemployment compensation claimant, was specifically warned by her employer, Anderson Electronics, that her absenteeism would result in her discharge. The burden of proving this point rested upon the employer. *Rivers v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 470, 387 A.2d 1352 (1978). The Unemployment Compensation Board of Review, in reversing the referee, concluded that claimant had never been so informed. The employer representative testified that he was aware that claimant's gynecological problems would cause her to be absent from work approximately two days per month and that a verbal understanding to that effect had been reached. When questioned if a direct warning had ever been given to claimant, he re-

332

sponded, "[n]ot in those words." This testimony, coupled with that of claimant, compels us to agree that substantial evidence exists in the record of this case to support the finding of the Board. It follows, therefore, that claimant's behavior cannot be characterized as willful misconduct. *See Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). The Board properly found claimant to be eligible for benefits.

Accordingly, we affirm.

ORDER

AND Now, this 11th day of June, 1979, the order of the Unemployment Compensation Board of Review, dated December 23, 1977, granting benefits to Jeanne S. Hoaglund, is hereby affirmed.